UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA BRINSON-WALKER and<br>RAYMOND WALKER | :<br>: |
| | :     C.A. No.: 02-3839 |
| v. | : |
| | : |
| SEARS, ROEBUCK AND CO. | : |

**ANSWER WITH AFFIRMATIVE DEFENSES
OF DEFENDANT, SEARS, ROEBUCK AND CO.,
(IMPROPERLY IDENTIFIED AS SEARS, ROEBUCK & CO.)
TO COMPLAINT OF PLAINTIFFS,
<u>TINA BRINSON-WALKER AND RAYMOND WALKER</u>**

**I.**

Regarding the averments set forth in the first paragraph of section I of the complaint: After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint. Therefore, those averments are denied.

Regarding the averments set forth in the second paragraph of section I of the complaint: Denied. Answering defendant's proper corporate name is Sears, Roebuck and Co. Answering defendant is a New York corporation and maintains its principal place of business in the state of Illinois.

Regarding the averments set forth in the third paragraph of section I of the complaint: After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint. Therefore, those averments are denied.

**II.**

Denied. It is admitted only that as of October 11, 2001, answering defendant operated a retail store at the address set forth in this paragraph of the complaint.

**III.**

Denied.

**IV.**

Denied.

**V.**

Denied.

**VI.**

Denied.

WHEREFORE, defendant, Sears, Roebuck and Co., requests entry of judgment in its favor, and against plaintiffs, Tina Brinson-Walker and Raymond Walker.

## FIRST DEFENSE

If plaintiff tripped and fell, as alleged in the complaint, said incident was caused solely by the negligence of plaintiff.

## SECOND DEFENSE

If plaintiff sustained injuries and damages as alleged, then plaintiff's claims are barred or reduced in accordance with The Pennsylvania Comparative Negligence Act.

## THIRD DEFENSE

Plaintiff may have failed to mitigate damages.

## FOURTH DEFENSE

The actions of individuals or entities other than answering defendant may constitute an intervening, superseding cause of any damages as alleged by plaintiff.

## FIFTH DEFENSE

Plaintiff's own actions are the proximate cause of any injuries as alleged in the complaint.

## SIXTH DEFENSE

No act or omission of answering defendant was a proximate cause, or cause in fact of any alleged loss, injuries or damages allegedly incurred by plaintiff.

## SEVENTH DEFENSE

Plaintiff may have assumed the risk of her activities.

## EIGHTH DEFENSE

Plaintiff's claims may be barred by the doctrine of latches.

## NINTH DEFENSE

Plaintiff's claims may be barred by the applicable statutes of limitation.

## TENTH DEFENSE

If plaintiff fell, as alleged in the complaint, said incident was caused solely by the failure of plaintiff to avoid contact with an open and obvious item or condition.

WHEREFORE, defendant, Sears, Roebuck and Co., requests entry of judgment in its favor, and against plaintiffs, Tina Brinson-Walker and Raymond Walker.

        **LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY**

  BY: _____
     EDWARD A. GRAY, ESQUIRE
     ROBERT L. SANZO, ESQUIRE
     Attorneys for Defendant,
     Sears, Roebuck and Co.

619835

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, ***Defendants, Sears, Roebuck and Co.'s, Answer with Affirmative Defenses to Plaintiffs' Complaint***, was forwarded to the below listed counsel by First Class mail, postage pre-paid, on the date indicated below.

> Robert Land, Esquire
> The Curtis Center
> 601 Walnut Street
> Suite 106 West
> Philadelphia, PA 19106

**LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY**

BY: _____
ROBERT L. SANZO, ESQUIRE
Attorney for Defendant,
Sears Roebuck and Co.

Date: July 24, 2002