UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA BRINSON-WALKER and : | |
| RAYMOND WALKER : | |
| : | C.A. No.: 02-3839 |
| v. : | |
| : | |
| SEARS, ROEBUCK AND CO. : | |
| : | |
| v. : | |
| : | |
| FAR EAST WATCHCASES (USA) LTD. : | |

**THIRD PARTY COMPLAINT OF DEFENDANT, SEARS, ROEBUCK AND CO.
AGAINST THIRD PARTY DEFENDANT, FAR EAST WATCHCASES (USA), LTD.**

1.   Plaintiffs, Tina Brinson-Walker and Raymond Walker filed a Civil Action Complaint in this Court on August 5, 2002, against defendant, third party plaintiff, Sears, Roebuck and Co., ("Sears"). A copy of the Complaint is attached as Exhibit A.

2.   Plaintiffs allege jurisdiction based on diversity of citizenship.

3.   Sears filed an Answer with Affirmative Defenses to the Complaint on July 24, 2002. A copy of defendant's Answer with Affirmative Defenses is attached as Exhibit B.

4.   Plaintiffs are now and were at the commencement of this action, citizens of the Commonwealth of Pennsylvania.

5.   Sears is now and was at the commencement of this action, incorporated under the laws of the state of New York, and maintains its principal place of business in the state of Illinois.

6.   Additional defendant, Far East Watchcases (U.S.A.), Ltd. ("Far East"), is located at 606 Gordon Baker Road, Toronto, Ontario.

7.      This Court possesses subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, in that plaintiffs and defendants are citizens of different states and additional defendant Far East is a citizen of a foreign state and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

8.      Plaintiffs' Complaint alleges that on October 11, 2001, plaintiff was within the course and scope of her employment with Far East, when she tripped and fell over an electrical extension.

9.      The aforesaid electrical cord was within the area occupied by Far East, which area was within Sears' retail store in Upper Darby, Pennsylvania.

10.      The aforesaid electrical cord, was, at the time of the alleged incident, and for a substantial time prior to the alleged incident, secured to the floor with tape.

11.      Attached as Exhibit C is a true and correct copy of the License Agreement, ("the Agreement"), between Sears and Far East, dated August 6, 1999.

12.      Section 12.1 of the Agreement states in relevant part:

> Licensee shall defend all allegations inserted in any claim, action, lawsuit or proceeding (even though such allegations may be false, fraudulent or groundless) against Sears, ... which contains any allegations of liability actually or allegedly resulting from or connected with the operation of the licenced business (including, without limitation of the foregoing,... lack of repair in or about the area occupied by the licensed business...)....

(Exhibit C).

13.      Section 12.2 of the Agreement states in relevant part:

> Licensee shall hold harmless and indemnify Sears... from and against any and all claims, demands, actions, lawsuits, proceedings, liabilities, losses, costs and expenses (including without limitation, fees and disbursements of counsel incurred by Sears in any claim, demand, lawsuit, or proceeding between Licensee and Sears or between Sears or between Sears and any third party or otherwise), actually or allegedly resulting from or connected with the operation of the licenced business (including, without limitation of the

       foregoing,... lack of repair in or about the area occupied by the licensed business...)....

(Exhibit C).

### Count I - Contractual Indemnity

14.    Sears incorporates here by reference paragraphs (1) through (13) inclusive as set forth above.

15.    Plaintiffs allege liability against Sears resulting from or connected with the operation of the licenced business and due to a lack of repair in or about the area occupied by the licensed business.

16.    Pursuant to the Agreement, additional defendant Far East Watchcases (USA), Ltd. is liable over to defendant, Sears, Roebuck and Co. by way of contractual indemnity for all losses arising from plaintiffs' claims, including but not limited to losses stemming from liability to plaintiffs, attorneys fees, disbursements, and costs of defense, any such liability on the part of defendant being denied.

WHEREFORE, defendant, Sears, Roebuck and Co. requests that additional defendant, Far East Watchcases (USA), Ltd. be found liable over to defendant by way of contractual indemnity, for all losses arising from plaintiffs' claims, including but not limited to losses stemming from liability to plaintiffs or co-defendant, any such liability on the part of Sears being denied, costs of defense, together with an award of attorneys' fees, and any other relief the Court deems just.

### Count II - Breach of Contract

17.    Sears incorporates here by reference paragraphs (1) through (21) inclusive as set forth above.

18.    The plaintiffs in the underlying action allege injuries resulting from or connected with the operation of the licenced business and due to a lack of repair in or about the area occupied by the licensed business.

19.    Pursuant to the Agreement, Far East agrees to defend and indemnify Sears from and against plaintiffs' claims.

20. Sears has requested that Far East provide a defense and indemnity.

21. Far East has refused to provide Sears with a defense and indemnity.

22. Far East's failure to provide Sears with a defense and indemnify against the claims in this action constitutes a breach of contract.

23. Far East's breach of contract has caused, and continues to cause direct and consequential damages to Sears, including but not limited to, attorneys' fees and other costs incurred, and which continue to accrue, in defending against the claims in this action.

WHEREFORE, defendant, Sears, Roebuck and Co. seeks judgment in its favor and against additional defendant, Far East Watchcases (U.S.A.), Ltd., awarding all direct and consequential damages flowing from Far East's breach of contract.

### Count III - Declaratory Judgment

24. Sears incorporates here by reference the averments set forth in paragraphs (1) - (23) as if set forth here at length.

25. The plaintiffs in this action allege injuries resulting from or connected with the operation of the licenced business and due to a lack of repair in or about the area occupied by the licensed business.

26. Pursuant to the Agreement, Far East is bound to defend and indemnify Sears from and against plaintiffs' claims.

27. Sears seeks a declaration that Far East has a duty to defend and indemnify Sears from and against all claims in this action.

WHEREFORE, defendant, Sears, Roebuck and Co., seeks a declaration by the Court as a matter of law that additional defendant, Far East Watchcases (U.S.A.) Ltd. has a duty to defend and indemnify Sears against the claims alleged against it in this action.

        **LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY**

BY: _____
    EDWARD A. GRAY, ESQUIRE
    ROBERT L. SANZO, ESQUIRE
    Attorneys for Defendant,
    Sears, Roebuck and Co.

Date:
636812

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, ***Defendant, Sears, Roebuck and Co.'s, Third Party Complaint against Far East Watchcases (U.S.A.), Ltd.***, was forwarded to the below listed entities by First Class mail, postage pre-paid, on the date indicated below.

>Robert Land, Esquire
>The Curtis Center
>601 Walnut Street
>Suite 106 West
>Philadelphia, PA 19106

**LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY**

BY: _____
ROBERT L. SANZO, ESQUIRE
Attorney for Defendant,
Sears Roebuck and Co.

Date: